IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALEX GILBERT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **01-286-CJP** |
| | ) | |
| **TIMOTHY COOK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is the plaintiff's motion to compel defendants Timothy Cook, Nigel Phelps and Kevin Walker to produce their complete personnel files, their respective post descriptions for March 7, 1999, and all manuals and regulations relating to the duties and procedures of the Tactical Team at Tamms Correctional Center. **(Doc. 135).**

In response, the defendants generally reassert their objection as to the relevance of the requested documents. **(Doc. 140).** Relative to their personnel files, defendants cite the legal standard in an Eighth Amendment excessive force case, and note that they have already turned over their disciplinary records. Defendants object that information relative to the Tactical Team is irrelevant because no tactical operation was involved– two defendants (and perhaps others involved) happened to be wearing the orange suits worn by Tactical Team members. Defendants assert that they already turned over documents regarding the procedures for moving inmates and use of force. In reply **(Doc. 141)**, plaintiff argues that the defendants' personnel files are relevant to, for example, motive, intent and training. Relative to the Tactical Team materials, plaintiff cites deposition testimony that clearly states that Tactical Team members must escort inmates, and that the Tactical Team has its own separate and/or supplemental rules and

procedures.  Similarly, plaintiff cites deposition testimony that makes clear that post descriptions document what each person's duties are.

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue that is or may be in the case.*  **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978).  Discovery may be had from any person provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense.  *See* **Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

Plaintiff's reply demonstrates the relevance (under the broader standard for mere discovery, as opposed to the standard for admission at trial) of all three categories of documents sought.  However, with respect to the defendants' personnel records, the Court will limit discovery to information regarding training, discipline, promotion, demotion, commendation and assignment.  The Court will also limit the Tactical Team manuals and regulations to those applicable in March 1999.

**IT IS HEREBY ORDERED** that plaintiff's motion to compel **(Doc. 135)** is **GRANTED IN PART AND DENIED IN PART**.  On or before **October 6, 2008**, defendants Timothy Cook, Nigel Phelps and Kevin Walker shall produce to plaintiff's counsel: (1) all material in their respective personnel files regarding training, discipline, promotion, demotion, commendation and assignment; (2) Tactical Team manuals and regulations applicable in March 1999; and (3) their

respective post descriptions for March 7, 1999.

**IT IS SO ORDERED.**

**DATED: September 24, 2008**         <u>**s/ Clifford J. Proud**</u>
                                       **CLIFFORD J. PROUD**
                                       **U. S. MAGISTRATE JUDGE**