IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALEX GILBERT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **01-286-CJP** |
| | ) |
| **TIMOTHY COOK, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the motion of intervenor Yolande Johnson, warden of Tamms Correctional Center, "Motion for Reconsideration" **(Doc. 152)**, challenging the Court's directives that plaintiff Alex Gilbert[1] appear unrestrained and in "street clothes" at trial on March 31, 2009.

Warden Johnson contends that plaintiff Gilbert's detention at Tamms Correctional Center, the state's "super maximum" security facility is due to Gilbert's behavioral problems. Gilbert purportedly has approximately 90 disciplinary violations during his 13 ½ years in confinement. However, no affidavit or summary regarding the nature of those violations is offered.

Warden Johnson would have Gilbert in leg shackles; ideally, Gilbert would also be handcuffed during trial. The warden notes that there are means to block the jury's view of the

---

[1]The Court assumes that Warden Johnson does in fact mean inmate Alex Gilbert, inmate number B67251, who is the plaintiff in this action. The warden identifies Gilbert as inmate number B67521. According to the IDOC's website, that number is assigned to inmate Lenzy, whose rap sheet is a bit more involved than plainitff's.

1

shackles, thereby minimizing any prejudice to plaintiff. In addition, the warden argues that allowing plaintiff Gilbert to wear "street clothes" provided by his attorneys, rather than the usual white shirt and dark pants provided by the prison, would increase the likelihood of an escape attempt and would make plaintiff harder to identify if he were to escape.

The undersigned judge comes from a law enforcement background and fully appreciates the warden's concerns. However, during 15 years trying cases involving inmates from the State of Illinois' maximum security prisons, including Tamms, and the United States Penitentiary at Marion, Illinois (which was in the past the single "super maximum" security prison in the federal penal system), it has been the Court's general policy to allow inmates to be unrestrained during trial, barring an overriding security concern. No warden has ever objected.

The Court is well aware that Gilbert was convicted of murder under the accountability theory, arising out of a gang shooting when Gilbert was 14 years old. ***See U.S. ex rel. Gilbert v. Welborn*, 2005 WL 1458063 (N.D.Ill. 2005).** Although Gilbert may have a large number of disciplinary infractions, the IDOC does not note that he has any additional criminal convictions while in prison– which is something about which many of the inmates appearing before the Court cannot boast. Moreover, plaintiff Alex Gilbert has appeared before the Court in the past, without incident. At this juncture, Warden Johnson has not presented the Court with any factual basis for altering the Court's previous decision to permit Gilbert to appear at trial unshackled. According to the IDOC's website, Gilbert is slated for parole in February 2010, just one year from now.

As is the Court's practice, plaintiff will be seated at the opposite end of the room from the jury, surrounded by his Department of Corrections escort team, as well as this Court's

2

security officers, all of whom are well trained, very experienced and former law enforcement officers. All security personnel are instructed to subdue plaintiff the very second they perceive a security threat. In this Court's experience, and after speaking with jurors, the use of table skirts to obscure the jury's view of a shackled inmate only serves to highlight the situation. The Court will, as always, remain open to having plaintiff shackled, if any information comes to the Court's attention indicating that restraints are warranted.

With respect to allowing plaintiff Gilbert to wear "street clothes," rather than a white shirt and dark pants, the Court does not perceive that adding a suit coat to plaintiff's outfit will substantially increase the risk of escape, or enhance the inmate's ability to evade recognition and capture. The warden is obviously unfamiliar with the area where the Court is located; a man in a suit coat would be less common than a man in a white shirt and dark pants. Anecdotally, no prisoner has ever escaped from the East St. Louis Courthouse. Of course, the escort team may inspect the clothing for contraband. Again, inmates often appear in "street clothes" for trial, and there has never been an objection from any other warden.

**IT IS HEREBY ORDERED** that the subject motion **(Doc. 152)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED: February 24, 2009    s/ Clifford J. Proud
                                                                 CLIFFORD J. PROUD
                                                                 U. S. MAGISTRATE JUDGE