IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEX GILBERT,  )
 )
      Plaintiff,  )
 )
V.  )   Civil No. **01-286-CJP**
 )
**TIMOTHY COOK, et al.,**  )
 )
      Defendants.  )

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the defendants' motion to limit the introduction of several categories of evidence:

1. Any contradiction of the findings rendered relative to the disciplinary tickets stemming from the March 7, 1999, incident intertwined with the alleged use of force at issue in this action;

2. The criminal charges/trial stemming from the March 7, 1999, incident intertwined with the alleged use of force at issue in this action;

3. Rules and procedures tied to the defendants' actions or inactions (Plaintiff's Exhibits 1, 4, 5, 6, 7 and 27);

4. Post-incident grievances and related documents (Plaintiff's Exhibits 8, 12, 13, 14, 15, 32, 69, 70, 71, 72 and 73);

5. Reprimands issued to defendant Phelps;

6. Plaintiff's medical records; and

7. Evidence of alleged long-term injury.

**(Doc. 162).** Plaintiff has filed a response **(Doc. 163)**, to which the defendants have filed a reply **(Doc. 171)**.

1

As a preliminary matter, the Court must note that although the defendants' motion is captioned as a motion in limine, several of their requests merely seek to limit certain aspects of a piece of evidence or the presentation of certain arguments or assertions. The Court will not be hamstrung by the caption and will instead address the specific issues raised in the motion. Also, although the defendants have not provided the Court with copies of all of the pertinent documents, most were presented to the Court by plaintiff's counsel during the final pretrial conference, and plaintiff's counsel has now submitted additional documents for the Court's review. Relative to topics the defendants seek to preclude, those topics have been sufficiently described. There is sufficient information before the Court on most issues but, as will become clear, some areas of dispute can be easily determined at this juncture, while other issues are situational and evidentiary rulings will have to be made during trial.

**1. Contradiction of Disciplinary Findings**

Citing *Heck v. Humphrey*, 512 U.S. 477 (1994) and the appellate decision in this action, the defendants seek to preclude plaintiff from contradicting the findings rendered relative to the disciplinary tickets stemming from the March 7, 1999, incident intertwined with the alleged use of force at issue in this action. More specifically, the defendants want to: (1) preclude plaintiff's counsel from arguing or implying that plaintiff did not initiate the altercation between the parties, that plaintiff did not strike defendant Cook, or did not scratch defendant Phelps; and (2) bar plaintiff from eliciting testimony or arguing that it is impossible for plaintiff to have punched anyone through the chuckhole. In addition, defendants would have the Court instruct the jury that plaintiff struck the first blow, struck Cook twice, and scratched Phelps.

Plaintiff counters that it is not his position that it is impossible to have punched anyone

through the chuckhole, therefore the jury need not be instructed on this topic prematurely. Rather, plaintiff contends that *Heck* and the appellate court's statements on the applicability of *Heck* do not preclude plaintiff delving into the "stairs incident" and how, from plaintiff's perspective, it precipitated the altercation at issue. Therefore, this portion of the defendants' motion is generally moot.

Plaintiff appears to properly understand the appellate ruling regarding the application of *Heck* to this situation-- it cannot be disputed that plaintiff struck Cook twice and scratched Phelps. As this Court recently ruled, the so-called stairs incident is admissible, although plaintiff will not be permitted to frame such evidence as an independent constitutional violation. The Court will consider proposed jury instruction on this topic as necessary. The Court does not read the appellate court's order as mandating a preliminary instruction regarding those facts that cannot be disputed under *Heck*. However, prior to trial the Court will discuss stipulations and instructions with the parties.

### 2. The Criminal Charges/Trial

Defendants seek to bar any evidence or commentary regarding the criminal charges/trial stemming from the March 7, 1999, incident intertwined with the alleged use of force at issue in this action. Plaintiff indicates he has no intention of bringing up the criminal charges/trial. The Court concludes that the charges and trial are irrelevant and would likely confuse the jury. Therefore, defendants' motion is granted in this respect, the criminal charges and trial should not be introduced by any party.

### 3. Rules and Procedures

Defendants seek to bar certain documentary evidence of rules and procedures tied to the

defendants' actions or inactions (Plaintiff's Exhibits 1, 4, 5, 6, 7 and 27). Defendants correctly observe that the issue in this case is whether the Eighth Amendment was violated, not whether prison rules and procedures wee violated. Plaintiff counters that the rules and procedures relate to the defendants' training and intent, as they frame how they were trained to act and any deviation is relevant.

The specific rules and procedures at issue are related to the actions and inactions at issue in this case and are relevant to the defendants training and intent. Therefore, this aspect of the defendants' motion to bar will be denied. The Court will entertain cautionary and/or jury instructions on this issue.

### 4. Grievances

The defendants seek to bar post-incident grievances and related documents (Plaintiff's Exhibits 8, 12, 13, 14, 15, 32, 69, 70, 71, 72 and 73) as hearsay evidence. Plaintiff counters that a blanket bar of the ten grievances at issue would preclude the use of those grievances for other purposes, and ignores possibly applicable exceptions to the hearsay rule.

Plaintiff's point is well taken, at this juncture it would be premature to exclude the ten grievances at issue.

### 5. Reprimands Issued to Defendant Phelps

Defendant seeks to bar evidence and commentary regarding several reprimands issued to defendant Phelps for matters unrelated to the incident at issue in this action. Plaintiff indicates that he has no intention to introduce evidence and commentary regarding those reprimands.

After reviewing the reprimands, it is clear to the Court that they have no relevance to the issues in this case, and do not go to Phelps' veracity. Therefore, based on plaintiff's concession

4

of this issue and the information before the Court at this juncture, this aspect of the defendants' motion is granted.

**6. Plaintiff's Medical Records**

The defendants seek a limiting instruction regarding those aspects of plaintiff's medical records that contain hearsay statements. Plaintiff focuses on those aspects of the medical records that pertain to him seeking medical care, which is a recognized exception to the hearsay rule (Fed.R.Evid. 803(3)). The defendants counter that the medical exception cited by plaintiff pertains only to a "then existing" physical condition and plaintiff should not be permitted to use that exception to introduce statements about the altercation.

Plaintiff and defendants have valid points. At this juncture, the Court cannot make fully informed rulings and cannot parse each grievance. Each grievance and any necessary instructions will be discussed within the context of trial.

**7. Evidence of Injury**

Asserting that plaintiff has no competent evidence of lasting harm from the altercation with the defendants, the defendants seek to bar plaintiff from introducing evidence of later or lasting injury in the absence of expert testimony as to causation. It is plaintiff's position that he incurred a shoulder injury during the altercation with the defendants, and that subsequent reports of shoulder dislocation and pain are merely a continuation of this injury.

It is the Court's understanding that plaintiff contends his injuries were worse and longer lasting than the medical records may indicate. At this juncture, it is premature to rule on this issue, except to observe that plaintiff's general approach is permissible in that the extent and duration of any injury– particularly pain– is more often than not the prerogative of the jury.

5

**IT IS THEREFOR ORDERED** that the subject motion **(Doc. 162)** is **GRANTED IN PART AND DENIED IN PART,** as detailed above.

**IT IS SO ORDERED.**

**DATED: March 30, 2009**                       <u>s/ Clifford J. Proud</u>
                                                           **CLIFFORD J. PROUD**
                                                           **U. S. MAGISTRATE JUDGE**