IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALEX GILBERT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **01-286-CJP** |
| | ) | |
| **TIMOTHY COOK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Following a jury verdict in their favor and entry of judgment, defendants Timothy Cook, Nigel Phelps and Kevin Walker have submitted a bill of costs in accordance with Federal Rule of Civil Procedure 54(d)(1). **(Doc. 187).** The bill of costs totals $3,196.13, representing the costs associated with seven depositions taken in preparation for trial.

Plaintiff Alex Gilbert, by and through counsel (who took the case pro bono), objects that plaintiff's indigence and relatively dim prospects for employment upon release from prison next year, combined with the fact that he prosecuted this action in good faith, should mitigate against assessing costs. **(Doc. 189).** Plaintiff relies on *Rivera v. City of Chicago*, 469 F.3d 631 (7th 2006), as precedent for the Court using its discretion to waive the assessment of costs. In reply, the defendants assert that plaintiff has not overcome the presumption in favor of assessing costs, and they argue that the evidence at trial indicated that plaintiff exaggerated his injuries and was less than forthright. **(Doc. 190).**

In *Rivera v. City of Chicago*, the Court of Appeals for the Seventh Circuit recognized that Rule 54(d)(1) provides a presumption that the losing party is obliged to pay costs, but that the

1

rule also allows the Court discretion to consider indigence and future ability to pay. **469 F.3d at 634-635.** However, the appellate court stressed that the exception to the presumption is "narrow." *Id.* **at 636.** The losing party must provide sufficient documentation to support a finding that he or she is incapable of paying the costs now or in the future; and the Court must consider, the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues. *Id*. **at 635-636.**

Relative to plaintiff's indigence, plaintiff has been incarcerated since he was 14 years old and he is currently housed at Tamms Correctional Center. Plaintiff has already been found indigent by this Court and by the Court of Appeals for the Seventh Circuit. **(Docs. 3, 103 and111).** The affidavit of plaintiff's counsel confirms that plaintiff has no income in prison and $10 or less in his trust fund account. **(Doc. 189-2).** Counsel's affidavit generally reiterates testimony at trial regarding plaintiff's incarceration since the age of 14, his earning a high school diploma while in prison, and his expected release in early 2010. **(Doc. 189-2).** The defendants do not take issue with plaintiff's current indigence. Rather, the defendants contend that plaintiff will surely be able to pay the costs once he is released.

Several factors give the Court pause. This is the first instance in the undersigned Magistrate Judge's 15 years on the bench that the Attorney General's Office, on behalf of their client(s), has moved for costs against a losing prisoner-plaintiff- and a few other prisoners have been released from prison or were about to be released at the time of judgment. And, someone just released from prison, who must find work and establish a home, surely does not need to be further burdened with repaying costs merely because he was the losing party in a legal action. In any event, the Court <u>must</u> begin with the presumption in favor of assessing costs against the

losing party, and the notion that the exception to that presumption is narrow.

Plaintiff's case was weak, but the Court does not believe plaintiff was proceeding in bad faith. Plaintiff's willingness to settle this action for $1,000 is not persuasive, as it also reflects on plaintiff's assessment of his own case. The defendants' assertions that plaintiff was less than forthright are similarly not well taken, as such assertions are generally based on one's perspective.

Although the current economic climate will surely make it all the more difficult for plaintiff to secure employment when he is released from prison, there is no indication that plaintiff has a disability that would preclude him from eventually securing gainful employment. He has obtained a high school diploma, which places him ahead of many individuals in the job market. The Court recognizes that plaintiff has been incarcerated in some of the most restrictive prisons in the State system since he was 14 years old, and the Court has witnessed some of plaintiff's socialization deficiencies first hand. Nevertheless, the Court will <u>not</u> assume that plaintiff cannot shed the apparent chip on his shoulder, and his old gang affiliations, and have a productive life upon release from prison. The costs are not so great that they cannot be repaid if plaintiff secures a minimum wage job.

Plaintiff cleared the indigence hurdle, but he has failed to show that he qualifies for the very narrow exception to the presumption that the losing party is responsible for costs.

**IT IS THEREFOR ORDERED** that the defendant's bill of costs **(Doc. 187)** shall be allowed and approved for the full $3,196.13 sought.

**IT IS FURTHER ORDERED** that, in accordance with Federal Rule of Civil Procedure 54(d)(1), costs are taxed against plaintiff Alex Gilbert in the amount of $3,196.13.

**IT IS SO ORDERED.**

**DATED: May 5, 2009**               s/ Clifford J. Proud
                                     **CLIFFORD J. PROUD**
                                     **U. S. MAGISTRATE JUDGE**